IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| RITA RESTAURANT CORP., *et al*[1] | § | Case No. 16-52272-RBK |
| | § | |
| Debtors. | § | (Joint Administration Pending) |

**DEBTORS' EMERGENCY MOTION FOR AUTHORITY TO FILE A
CONSOLIDATED LIST OF THE 30 LARGEST UNSECURED CREDITORS
AND APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS
OF THE COMMENCEMENT OF THE CHAPTER 11 CASES**

Rita Restaurant Corp., *et al*. ("Rita") and the affiliated debtors and debtors-in-possession listed above (the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 105(a), 107(b), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), and rules 1007 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to file a consolidated list of the 30 largest general unsecured creditors in lieu of submitting separate creditor lists for each Debtor, and approving the form and manner of notice of commencement of these Chapter 11 Cases and the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code. In further support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Rita Restaurant Corp. (3919); Don Pablo's Operating, LLC (1986); and Hops Operating, LLC (1985). The address for all the Debtors is 120 Chula Vista, Hollywood Park, TX 78232.

{39680957;1}

**JURISDICTION AND VENUE**

1.  The United States Bankruptcy Court for the Western District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are sections 105(a), 107(b), and 521 of the Bankruptcy Code and Rules 1007 and 6003 of the Bankruptcy Rules.

**BACKGROUND**

4.  On October 4, 2016 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief (the "Petition") under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

5.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6.  The Debtors operate full service, casual dining restaurants, consisting of sixteen (16) Don Pablo's Mexican Kitchen restaurants ("Don Pablo's") and one (1) Hops Grill and Brewery restaurant ("Hops"). The Debtors' restaurants are located in ten (10) states in the United States.

7.  Don Pablo's is a chain of Tex-Mex restaurants founded in Lubbock, Texas in 1985. The menu features Tex-Mex items, salsa, tortillas and sauces and a range of other Mexican specialties. At one time, this chain had as many as 120 locations throughout the United States

making it the second largest full service Mexican restaurant chain within the United States during the late 1990s.

8. Hops is a casual dining restaurant that offers fresh, made from scratch menu items in a relaxed atmosphere featuring signature dishes that are created from high-quality, fresh ingredients, prepared in a display style kitchen that allows the customer to view the cooking process.

9. In addition to the three (3) Debtors, the Debtors have nine non-debtor affiliates, comprised of: (i) four (4) special purpose entities that were created solely to hold certain liquor licenses utilized by the Debtors in their operations; (ii) four (4) "shell" entities with no assets or liabilities and which do not conduct any operations; and (iii) one entity which solely distributes gift cards.

10. The Debtors' business operations are, and have been since 2014 when Alamorita Restaurant Company, LLC acquired the stock of the Debtors, managed by FMP SA Management Group, LLC ("FMP") pursuant to a management agreement. FMP, a privately held company based in Hollywood Park, Texas, is a multi-concept developer and operator of independent restaurant chains. FMP provides operational oversight and all professional and administrative services for the Debtors. In return for the services provided, FMP receives reimbursement of allocated costs and expenses and a management fee. A separate entity, FMP – Rita Payroll, LLC ("FMP Payroll"), provides employment and wage related services for the Debtors.

11. The Debtors own no real property at this time. The Debtors lease the properties where restaurants are located.

12. As of the Petition Date, the Debtors estimate that they have approximately $1,000,000 – $1,500,000 of unsecured trade debt and other outstanding operating expenses,

including, but not limited to rent, accrued management fees and general operating payables. In terms of numbers, only a handful of vendors have not been kept current and were not current at the time of filing.

13. A series of factors have contributed to the Debtors' operational challenges and ultimately resulted in the need to file these chapter 11 cases. In sum, the Debtors' have been unable to reverse the decade long decline brought on by prior management and ownership.

14. Perhaps more than any other factor, the Debtors' efforts to improve financial performance have been adversely impacted by the overall weakness in the casual dining environment. The casual dining industry is highly competitive and faces increased competition from fast-casual dining options. Despite the relatively steady economy in most of the United States, the casual dining environment remains depressed.

15. In addition, Mexican casual dining has been under continued pressure with the fast growth of "Fast Casual" Mexican brands, such as Moe's Southwest Grill, Panchero's Mexican Grill, Baja Fresh, Qdoba Mexican Grill, Tijuana Flats, and Chipotle Mexican Grill, and the competitive intrusion of Mexican product offerings to the varied-menu bar and grill segment such as Chili's, Applebee's and TGI Fridays, thereby making the "Mexican" meal available in new and substantially more locations.

16. The Debtors also struggle with rental rates that are currently, or will be in the near future, at amounts that the revenues from the specific leased location cannot sustain, especially in combination with increased costs of goods, services and employees.

17. In response to these developments, the Debtors have reduced spending and implemented a series of cost-cutting measures to include, among other things, closing of certain locations, streamlining costs for good and services, and renegotiating leases with landlords.

18. Despite the best efforts of the Debtors and their management, market conditions have caused the Debtors' revenues to decrease and resulted in the need for filing for bankruptcy.

19. Additional details regarding the Debtors' business, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases are set forth in the Declaration of Peter Donbavand in Support of Chapter 11 Petitions and First Day Motions and incorporated herein by reference as though set forth in full.

20. Additional details regarding the Debtors' business, assets, capital structure, and the circumstances leading to the filing of these Chapter 11 Cases are set forth in the First Day Declaration filed contemporaneously herewith and incorporated herein by reference as though set forth in full.

## RELIEF REQUESTED

### I. Consolidated List of 30 Largest General Unsecured Creditors.

21. Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . . . ." Fed. R. Bankr. P. 1007(d). Because a large number of creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors (the "Top 30 List"). The Top 30 List will help alleviate administrative burdens, costs, and the possibility of duplicative service. Although they reserve the right to do so in the future, in this Motion, the Debtors are not requesting authority to file consolidated schedules of assets and liabilities and statements of financial affairs or substantively consolidate the Debtors.[2]

---

[2] Pursuant to the Debtors' Emergency Motion for Entry of an Order (I) Granting an Extension of Time to File Schedules and Statements and (II) Granting Related Relief, filed contemporaneously herewith, the Debtors are requesting an extension of the time within which they must file their respective schedules and statements.

## II. Service of the Notice of Commencement.

22. Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of: (1) the meeting of creditors under § 341 or § 1104(b) of the Code . . . ." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. Fed. R. Bankr. P. 2002(f).

23. The Debtors propose to serve the Notice of Commencement, substantially in the form attached as **Exhibit 1** to **Exhibit A** hereto (the "Notice of Commencement"), on all parties entitled to notice of commencement of the Chapter 11 Cases to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the single Notice of Commencement will not only avoid confusion among creditors, but will prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous creditor matrix. Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted.

### EMERGENCY CONSIDERATION

24. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors submit that they have satisfied the

"immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## NO PRIOR REQUEST

25. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Order, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: October 4, 2016

Respectfully submitted,

AKERMAN LLP

 */s/ David W. Parham*
David W. Parham, SBN: 15459500
John E. Mitchell, SBN: 00797095
2001 Ross Avenue, Suite 2550
Dallas, TX 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
david.parham@akerman.com
john.mitchell@akerman.com

PROPOSED COUNSEL FOR DEBTORS AND
DEBTORS-IN-POSSESSION